09-2476-ag
Tang v. Holder

BIA
A070 530 729

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
    GUIDO CALABRESI,
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
            *Circuit Judges.*

_____

XUE MING TANG,
        *Petitioner,*

        v.                                    09-2476-ag
                                              NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xue Ming Tang, a native and citizen of the People's Republic of China, seeks review of a May 13, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Xue-Ming Tang*, No. A070 530 729 (B.I.A. May 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Tang's motion to reopen as untimely where he filed it six months after his June 2008 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

The 90-day filing deadline may be equitably tolled where the alien can establish "changed country conditions arising in the country of nationality . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Tang argues that the BIA abused its discretion by failing to

2

properly consider the evidence of changed country conditions in the record.  However, the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings."  *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).  Indeed, a review of the record reveals that the BIA reasonably considered the record evidence and properly found that reopening was not warranted because Tang's motion was based not on changed country conditions in China, but on changed personal circumstances.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Accordingly, as Tang is under a final order of removal and did not file a timely motion to reopen, the BIA did not abuse its discretion in concluding that he was not eligible to file a successive asylum application based solely on his changed personal circumstances.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008); *see also Wei Guang Wang*, 437 F.3d at 274 (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme").  The Court need not reach Tang's argument that he is *prima facie* eligible for relief

3

because he was required to show changed country conditions in order to succeed on his untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Finally, because Tang's claims for asylum, withholding of removal, and CAT relief, were based on the same factual predicate, the BIA did not err when it declined to consider his CAT claim in the denial of his motion. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4